**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| THERESA LAVOIE, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF DOUE LAVOIE<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY; CBS CORPORATION f/k/a VIACOM INC., successor-by-merger with CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION; FOSTER WHEELER, LLC; CRANE CO. individually and / or as parent, alter ego and / or successor-in-interest to CHAPMAN VALVE COMPANY, COCHRANE CORP., CHEMPUMP, CRANE SUPPLY, CRANE PUMPS AND SYSTEMS, INC., and / or JENKINS VALVES;<br><br>Defendants | : CIVIL ACTION NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: NOVEMBER 28, 2017<br>:<br>: |

**GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL**

TO:   THE UNITED STATES DISTRICT COURT FOR THE
        DISTRICT OF CONNECTICUT

Pursuant to Title 28 U.S.C. § 1442(a)(1) and 1446, Defendant General Electric Company ("GE") hereby removes an action filed against it in the Superior Court of the State of Connecticut, Judicial District of New London at New London and gives notice of such removal. In support, GE respectfully offers the following:

## Preliminary Matters

1.      Plaintiff commenced this action against GE and several other defendants in the Superior Court of Connecticut, Judicial District of New London at New London. The state court action is entitled *Lavoie, Theresa, Individually et al v. General Electric Company, et al* Docket No. KNL-CV17-6032031-S. A copy of the Summons and Complaint in the state court action is attached hereto as **Exhibit A**.

2.      Plaintiff served GE with the Summons and Complaint on November 1, 2017. The allegations of the Complaint include an allegation that Doue Lavoie was exposed to asbestos while working at General Dynamics / Electric Boat Corp., Groton, CT from in or about 1962 until approximately 1997 and while serving in the United States Navy from 1955 until 1959 and was stationed on board the USS Caperton (DD-650) from 1955 until 1959 and the USS Yosemite (AD-19) for approximately six months until 1959. As more fully explained below, this allegation suggests that the case is potentially removable by GE under the federal officer removal statute. Without conceding that service of a complaint with this sort of allegation is sufficient to trigger the 30 day removal period under 28 U.S.C. § 1446(b)(1) and (3), GE is removing this case within 30 days after its receipt of the initial pleading setting forth the plaintiff's claim for relief.

## Nature of the Case

3.      This is a product liability action in which the plaintiff alleges that Doue Lavoie was diagnosed as suffering from mesothelioma, asbestos-related lung disease,

lung disease and / or loss of lung function. More specifically, the plaintiff alleges that he was exposed to various asbestos containing products while employed at General Dynamics / Electric Boat Corp. and while serving in the United States Navy. Complaint, ¶ 2, 16.

4. The plaintiff asserts claims under the Connecticut Product Liability Act against GE and the other defendants. In particular the Complaint alleges that GE manufactured defective products and failed to warn potential users of its products of the health risks allegedly associated with exposure to asbestos, asbestos related products, asbestos related insulation products, asbestos-containing products, and products that contained, required or involved asbestos for use, operation or function, or for their products for which they recommended the use of asbestos for insulation and other purposes and installation and removal of asbestos on their products. Complaint, ¶ 12.

## Grounds for Removal

5. Federal jurisdiction exists in this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). GE supplied marine steam turbines and related propulsion and power generation equipment to the U.S. Navy for use in the construction of Navy ships and nuclear submarines. GE supplied these products pursuant to contracts and specifications executed by the U.S. Navy.

6. Although the complaint does not specifically allege the circumstances under which the plaintiff was exposed to asbestos fibers and dust, it appears that the

plaintiff is alleging asbestos exposure from the products GE supplied to the U.S. Navy for use on Navy ships and/or nuclear submarines.

7.   In the manufacture and sale of turbines and associated equipment for the U.S. Navy, including all aspects of warnings associated with those turbines and equipment, GE was acting under and at the direction of the U.S. Navy.  Therefore, GE will raise the government contractor defense in this case. *Boyle v. United Technology Corp.*, 487 U.S. 500, 512 (1987); *In re Joint E. and S.D.N.Y.Asbestos Litigation ("Grispo")*, 897 F.2d 626, 630 (2d. Cir. 1990)(recognizing applicability of government contractor defense in a failure-to-warn case).  Under the circumstances of the instant case, GE was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).  In several District of Connecticut cases identical with or similar to the case at hand, federal officer removal jurisdiction has been found to exist. *DeMatties v. ACMAT Corp.*, Dkt. No. 3:08cv116(WWE); *Olivar v. Buffalo Pumps, Inc.*, Dkt. No. 3:07cv1912(CFD); *Carroll v. Buffalo Pumps, Inc.*, Dkt. No. 3:08cv707(WWE); *Machnik v. Buffalo Pumps, Inc.*, 506 F. Supp. 2d 99 (D. Conn. 2007); *Contois v. Able Industries, Inc.*, 523 F. Supp. 2d 155 (D. Conn. 2007); *DeMarco v. General Electric Company*, Dkt. No. 3:09-cv-00373 (PCD) (D.Conn. May 29, 2009); *Allen v. General Electric Co.*, Dkt. No. 3:09-cv-0497 (JCH)(D.Conn. August 27, 2009); *Pianko v. General Electric Company*, 2010 U.S. Dist. LEXIS 15576 (D.Conn. February 23, 2010).  See also, *Faddish v. General Electric Co.*, 2010 U.S. Dist. LEXIS 112937 (EDPA October

22, 2010) (granting summary judgment to General Electric Company based upon the government contractor defense in an asbestos failure-to-warn case).

8.  The removal was filed less than thirty days from the service of the pleading or other paper from which it was first ascertained that the case is removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

9.  Pursuant to 28 U.S.C. § 1446(d), GE will this day, or promptly thereafter, give written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of the Notice of Removal with the clerk of the Superior Court.

DEFENDANT
GENERAL ELECTRIC COMPANY

**/s/ Brett M. Szczesny**
Brett M. Szczesny, Esq.
Federal Bar No. ct19560
Halloran & Sage LLP
315 Post Road West
Westport, CT  06880
Telephone: (203) 227-2855
szczesny@halloransage.com

## CERTIFICATION OF SERVICE

This is to certify that on this 28th day of November, 2017, a copy of the foregoing was filed electronically on the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system.

          /s/ Brett M. Szczesny
          Brett M. Szczesny

5119508v.1